**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                          **CRIMINAL ACTION NO. 1:06CR129-P-D**

**KENNETH BUSBY**

## ORDER

This cause is before the Court on defendant Kenneth Busby's Motion for Severance of Defendants [42] and Motion for Severance of Offenses [47]. The Court, having reviewed the motions, the responses, the authorities cited and being otherwise fully advised in the premises finds as follows, to-wit:

Kenneth Busby is charged in each of three counts of a Second Superseding Indictment with a conspiracy to possess with intent to distribute in excess of 50 grams of a mixture and substance containing a detectable amount of methamphetamine in violation of Title 21, U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count I), with being a convicted felon in possession of a firearm in and affecting interstate commerce in violation of Title 18, U.S.C. 922(g)(1) and 924(a)(2) (Count II) and with possession of a firearm during and in relation to and in furtherance of a drug trafficking in violation of Title 18, U.S.C. §§ 924(c)(1)(A)(I), 3571 and 3583 (Count III). Busby's co-defendants and alleged co-conspirators under Count I are Melinda Busby, Patrick Busby, James Cumberland, Douglas Jack Hardy, Laquita Long and James Roy Thompson.

Defendant seeks a severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The Rule provides in pertinent part:

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial of counts, sever the defendants' trial or provide any other relief that justice requires.

F.R.Cr.P. 14.

As the moving party, Busby bears the burden of establishing sufficient grounds for a severance–no easy task. The general rule is that persons indicted together should be tried together; motions for severance under Rule 14 are rarely granted. As noted in United States v. Perez:

> To obtain a severance under Rule 14, the movants have the burden of convincing the Court that without such drastic relief they would be unable to obtain a fair trial. A mere showing of some prejudice has usually been insufficient, for qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection.

489 F.2d 51 (5th Cir. 1973) (citations omitted).

Busby asserts numerous arguments in support of his request for a severance. First and foremost, he urges that trying the defendants together would permit the jury to infer guilt as to each of the named defendants rather than looking to the evidence or lack thereof as to each defendant. As a further matter, Busby asserts that his defenses for Counts I and II of the indictment are incompatible with those of the defendants; he does not articulate the alleged antagonistic defenses with any specificity. With regard to his argument for a severance of Counts, Busby makes the additional argument that the indictment fails to allege that the Counts alleged in the indictment arose from the same transaction or occurrence and that the evidence for each Count I would not be admissible as to Count II and vice versa.[1]

---

[1] The government's response in opposition to the instant motions affirmatively represents that the evidence supporting each of the counts of the indictment against defendant Busby was obtained while during the execution of a search warrant obtained by the Mississippi Bureau of Narcotics. Accordingly, joinder of the offenses is proper under Rule 8 of the Federal Rules of Criminal Procedure.

The reasoning articulated by Busby is insufficient to warrant a severance. The fact that there are numerous defendants or that one defendant is not charged in all counts of the indictment is insufficient to show compelling prejudice. United States v. Morrow, 537 F.2d 120, 137-38 (5th Cir. 1976), cert. denied, 430 U.S. 957 (1977). Nor is a quantitative disparity in the evidence enough to demonstrate prejudice. United States v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985).

Finally, in cases involving conspiracy charges–such as this one--the interest in judicial economy exerts strong pressure in favor of a joint trial because once the conspiracy is proven, evidence use to convict one defendant is admissible against all coconspirators. Morrow, 537 F.2d at 136. Accordingly, Busby's concern about the limited admissibility of certain evidence is without merit.

Based on the foregoing analysis, the Court concludes that the defendant's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Busby's Motion(s) for Severance ([42] and [47]) are not-well-taken and should be, and hereby are, DENIED.

SO ORDERED, this the 6th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE