IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KENNETH BUSBY,**                                                                                   **MOVANT**

**V.**                                                                                     **NO.: 1:06CR129-GHD**

**UNITED STATES OF AMERICA,**                                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Kenneth Busby, a federal prisoner, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has submitted a response to Busby's motion. Having considered the pleadings and the record, including the relevant parts of Busby's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that Busby's § 2255 motion should be denied.

### Background Facts and Relevant History

On October 1, 2007, Kenneth Busby pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine (Count One) and possession of a firearm by a convicted felon (Count Two). Following Busby's plea, a presentence investigation report (PSR) was prepared finding that Busby was accountable for some 25,741 grams of methamphetamine and 23 firearms. (PSR ¶¶ 13, 17, and 18). It also revealed that on May 4, 2005, Busby was convicted of the felony crime of arson in the second degree, for which he was

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

sentenced to a five years custody, suspended, by the Winston County Circuit Court. (*Id.* at ¶¶ 45 and 46). Based on a total offense level of 41 and a criminal history category of II, Busby was found to have a guideline range of 360 months to life imprisonment. (*Id.* at ¶¶ 81-82). However, a Rule 11(c)(1)(C) sentencing agreement was included in his plea agreement that capped his sentence at 20 years. (*Id.* at ¶ 82).

On March 25, 2008, Busby was sentenced to 240 months imprisonment on Count One and 120 months imprisonment on Count Two, and the sentences were ordered to run concurrently. No direct appeal was filed. On or about September 4, 2012, Busby filed this motion seeking to set aside his sentence, asserting that he is "not a felon and therefore not guilty of being a felon . . . in possession of a firearm" because he never served more than 12 months on a prior state conviction.

## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59

F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

A motion filed under § 2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## Discussion

Judgment was entered in Busby's criminal case on May 6, 2008. Because he filed no notice of appeal, his conviction became final for purposes of § 2255 on May 16, 2008, 10 days after judgment was entered in this case.[2] *See* 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that where federal prisoner fails to file a notice of appeal, his conviction becomes final for purposes of § 2255 upon expiration of the 10-day period

---

[2] In 2008, the time period for filing a notice of appeal in a criminal case was 10 days. The time period for filing a direct appeal is currently 14 days. *See* Fed. R. App.P. 4(b)(1)(A).

3

for filing a direct appeal). Therefore, the instant motion, filed in September 2012, is time-barred.

Busby argues that, even though the instant motion was not filed within one year of the date on which his judgment became final, it was filed within one year of the date *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) was decided. (ECF No. 1, 12). He maintains that *Simmons*, which held that the defendant's prior conviction for first time marijuana possession/distribution did not qualify as a predicate felony conviction for purposes of triggering a sentencing enhancement, represents a change in the decisional law under § 2255(f)(3) that tolled the limitations period. *See id.* at 240-41. The Court notes, however, that *Simmons*, a Fourth Circuit case, cannot toll the limitations period, as only a United States Supreme Court decision announcing a new right can trigger the application of § 2255(f)(3). *See* § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 358 (2005).

Moreover, Busby pleaded guilty to being a felon in possession (Count Two). However, even if he had not pleaded guilty and he actually did not serve more than 12 months on his prior state conviction, his sentence in this case was not impacted, because he was sentenced to serve 240 months on Count One of the indictment. Consequently, even without the 120 month concurrent sentence imposed for Count Two, Busby's overall sentence would not change.

Finally, as the Court has already noted, Busby was convicted on May 4, 2005, of arson in the second degree in the Winston County Circuit Court and was sentenced to five years imprisonment. Federal law makes it a crime for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). Busby's argument appears to be that he was not convicted of a felony because he did not serve more than a year in prison. However, as the Fifth Circuit has recognized:

4

> A "felony" is "any federal state, or local offense punishable by imprisonment for a term exceeding one year." The word "punishable" indicates that the definition of felony does not turn on the sentence a defendant actually received, but the maximum sentence that could result from a conviction for that offense.

*United States v. Gamez-Ale*, 102 F. App'x 401, 403 (5th Cir. 2004) (internal citations omitted); *United States v. Mendiola*, 42 F.3d 259, 262 n.7 (5th Cir. 1994) (noting that U.S.S.G. §4A1.2 defines "felony" as any federal, state, or local offense punishable by death or term of imprisonment exceeding one year regardless of sentence imposed).

In sum, the Court finds that Busby's motion is time-barred, and that his claims are otherwise without merit.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Busby must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that a COA should not issue in this case.

## Conclusion

The Court hereby **ORDERS** that Busby is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence (ECF No. 317) is **DENIED**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED, THIS the** 22nd **day of August, 2014**

_____
**SENIOR U.S. DISTRICT JUDGE**